[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In an action to foreclose a mechanic's lien, the complaint was returnable on April 24, 1990. On August 2, 1990, the defendant filed her answer with five special defenses to which the plaintiff replied denying each. On December 27, 1990, the defendant filed a motion for leave to amend its answer and special defense together with the proposed amendments.
The original special defenses were composed of five claims essentially alleging (1) plaintiff's breach, (2) unenforceability per Sec. 42-20-429 and 42-134a; (3) payment in full; (4) false representation; and, (5) unenforceability per Sec. 42-110a. The proposed amendment essentially eliminated the last two special defenses and changed the basis of the enforceability in (2) from Sec. 20-429 to 20-418.
Plaintiff's objection to the request to amend was overruled by the court and on March 26, 1991, the plaintiff filed a reply to the amended defenses denying same. On April 1, 1991, the defendant filed a pleading entitled "Amended Special Defenses" which contained both the first three special defenses contained in the proposed amendment plus two additional defenses, which incidentally, corresponded exactly with defenses (4) and (5) in her original answer.
The plaintiff now objects to these "additional" special defenses and moves to strike same. The defendant counters that all of the special defenses pleaded in her April 1, 1991 pleading were authorized under Section 176(c) Practice Book inasmuch as the plaintiff filed no objection thereto.
The court disagrees. Section 176 Practice Book provides for an "automatic" consent to a request to amend provided the requesting party has served such request upon the opposing party together with the proposed amendment appended thereto and the opposing party files no objection within 15 days. The record is devoid of any evidence of the defendant's compliance with CT Page 4231 Section 176 notice requirements. Inasmuch as the defendant did not disclose the two additional special defenses not included in the proposed amendment and since the additional special defenses were originally denied, it cannot be said that the plaintiff "consented" to them.
Accordingly, the plaintiff's objection is SUSTAINED and the fourth and fifth special defenses are hereby stricken from the defendant's April 1, 1991 pleading.
MELVILLE, J.